DAVID ASCIONE, PLAINTIFF-RESPONDENT, v. LUKE J. ANTONACCI AND VELLIA LIGOURI, EXECUTORS UNDER THE LAST WILL AND TESTAMENT OF SETTINIO ASCIONE, DECEASED, DEFENDANTS-APPELLANTS.

Argued February 16 and 17, 1970—Decided March 16, 1970.

*Mr. Frank G. Schlosser* argued the cause for defendants-appellants.

*Mr. Solomon Weinstein* argued the cause for plaintiff-respondent.

PER CURIAM: The trial court held that by virtue of a by-law of Ascione Greenhouses and Nursery, Inc. and a pertinent notation with respect thereto appearing on the stock certificates of the corporation, plaintiff was vested with an option to purchase the stock of the corporation owned by decedent Settinio Ascione at the time of his death. The defendants, executors of Ascione's estate, having refused to recognize or to permit plaintiff to exercise the option, a judgment directing specific performance was entered against them and affirmed by the Appellate Division in an unreported opinion. We granted defendants' petition for certification, 54 *N. J.* 581 (1969), and now affirm the judgment on its merits subject to the following qualification.

The value of decedent's stock was fixed at $50,000 and the judgment ordered that the sum be paid in 120 equal monthly installments of $416.66 with interest at 6% from November 1, 1968. The monthly payments were to begin on December 1, 1968. Defendants having announced their intention to appeal, a provision was included in the specific performance judgment that, pending determination of the appeal, the stock was to be held in escrow by defendants' attorney, and that plaintiff's monthly payments would be delivered to plaintiff's attorney to be held in escrow also for the same period.

On this appeal in addition to claiming that the trial court erred in granting specific performance, defendants assert that plaintiff should be required to supply security in some form for payment in full of the 120 monthly installments called for by the judgment. We agree that this should be done. Accordingly we direct that the judgment be modified so as to provide that the stock certificates be transferred to and delivered to plaintiff, subject to a vendor's lien to be noted thereon and on the books of the corporation, the lien

to be continued until the full purchase price has been paid. The lien imposed hereby shall not be deemed in any way to interfere with the voting or other pertinent rights of the plaintiff as owner of the stock. We direct also that the lienors-defendants shall cooperate with the plaintiff in the use of or handling of the stock to the end that the vendor's lien may be paid and satisfied.

*For affirmance and modification* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—NONE.